GEORGE R. SHELDON *vs.* WILLIAM B. KENDALL.

In an action of debt on the judgment of a court of another state, the defendant, under the Rev. Sts. *c.* 96, § 11, may prove that the action is brought for the use of another person than the plaintiff, and may set off any demand which he may have against such person, which could not have been pleaded in defence of the action in which the judgment was recovered.

THIS was an action of debt on a judgment obtained in New York; and was tried in the court of common pleas, before *Wells*, C. J.

The defendant pleaded the general issue, and specified in defence, that the original action, in which the judgment was rendered, was brought in the name of the plaintiff, on a draft accepted by the defendant, without consideration, and for the accommodation of Edmund Kimball, Jr., & Company, and that the judgment was rendered without any appearance by the defendant; that the draft was never the property of the plaintiff, but that the suit was brought thereon, he knowing all the facts, in his name, for the benefit of Kimball & Company; that the draft, though accepted by the defendant

for the accommodation of Kimball & Company, was in fact paid by·him at maturity, by his accepting and afterwards paying another draft of Kimball & Company, substituted therefor, the first draft not having been taken up and cancelled as it ought to have been; and that Kimball & Company were indebted to the defendant for the amount of the substituted draft and interest, for a balance of account rendered, and also for the amount of a judgment recovered by the defendant against Kimball & Company; and the defendant claimed a right to set off these several sums, which exceeded in the whole the amount of the judgment on which this action was brought. The defendant offered evidence to prove the facts set forth in his specification; but the same being objected to, it was rejected by the presiding judge; and a verdict being thereupon rendered for the plaintiff, the defendant excepted.

G. M. Browne, for the defendant.

E. F. Hodges, for the plaintiff.

BIGELOW, J. The question in this case arises upon the construction of Rev. Sts. c. 96, § 11, in relation to demands in set-off. It was manifestly the intention of the legislature, in several of the provisions contained in this chapter, to enlarge the limits which had formerly been prescribed to the right of set-off. The statute was originally founded on considerations of equity. The course of judicial decisions, which tended to give larger protection to the rights of parties, seeking to enforce equitable demands, rendered it highly just and expedient to extend the privilege of set-off to similar claims. This being the plain intent of the legislature, it is the duty of the court so to construe the statute as to give full efficacy to its provisions. The language used in the section of the statute under consideration is broad and general, and free from all ambiguity, and we can see no good reason for giving it a narrow and limited construction. Such, certainly, would be the effect of confining the right of set-off, as contended by the plaintiff, to cases where it appeared by the record, that the suit was brought in trust for the use and benefit of a person other than the nominal plaintiff. We think the true meaning of the statute is, to allow defendants the right to set-off claims,

properly the subject of set-off, against those persons who are
the equitable owners of the demand in suit, without regard to
the nominal parties to the record.    In all cases, where it can
be proved by the defendant, that the action is brought in the
name of one person, for the purpose of enabling another, not
a party to the record, to realize the benefit and fruits of a judg-
ment, the right of set-off, as against the beneficial owner of
the demand in suit, is given to the defendant.    This construc-
tion of the statute is strengthened by reference to § 5, of
the same chapter, in which the right is given to a defendant
to set-off any demand, of which he is the equitable owner, if
assigned to him before suit brought, although not originally
payable to himself.    Taking the two sections together, it is
very clear, that claims of an equitable character are put on
precisely the same footing as to set-off, whether in the hands
of plaintiff or defendant, and without regard to the nominal
parties to the record.    Indeed, it has been already decided,
that in a set-off even in an action at law, the court will recog-
nize equitable demands, upon which an action would not lie
in the name of the party beneficially interested, and that the
right is not confined to legal demands between the parties to
the action. *Commonwealth* v. *Phœnix Bank*, 11 Met. 129, 136.

In cases like the one now before the court, the burden of
proof is on the defendant, to prove that the party, against
whom the set-off is claimed, is the real party in interest; but
when that is satisfactorily made out, the right of set-off as
against the party in interest is the same as if he were the
party to the record.    We are therefore of opinion, that the
court below erred in rejecting the evidence offered by the de-
fendant, and that he should have been permitted to show,
that the suit was brought for the use and benefit of the per
sons against whom he claimed and had filed his set-off.

It is hardly necessary to add, that nothing can be shown by
way of set-off to the judgment on which the plaintiff relies,
which involves the merits of the original debt, or which could
properly have been pleaded and proved in defence or answer
to the claim on which such judgment is founded.    It is too
well settled to be now drawn in question, that a judgment re-

covered in the courts of another state, having jurisdiction of the parties and subject matter, is conclusive in the courts of this state as to all matters of defence which were open to the party defendant in the original suit. *Homer* v. *Fish,* 1 Pick. 435; *Hall* v. *Williams,* 6 Pick. 232; *Gleason* v. *Dodd,* 4 Met. 333. The defendant in this case must therefore be confined strictly to demands properly the subject of set-off, entirely independent of the merits of the claim on which the judgment is founded, and which could not have been pleaded in set-off in the original suit.                                              *Exceptions sustained.*